UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE WIRE COMM WIRELESS, INC.,
_____

NEW CINGULAR WIRELESS SERVICES,    No. 2:07-cv-2213-MCE
INC., a Delaware corporation,

    Appellant,

  v.

RICHARD McCORMICK et al.,

    Appellees.
_____

NEW CINGULAR WIRELESS SERVICES,    No. 2:07-cv-2451-MCE
INC., a Delaware corporation,

    Appellant,

  v.                                 MEMORANDUM AND ORDER[1]

MICHAEL F. BURKART, as Trustee,

    Appellee.
_____

---

[1] Appellant has two related appeals pending before this Court: No. 2:07-cv-02213-MCE and No. 2:07-cv-02451-MCE. Because Appellee's Motions to Strike in both cases are based on nearly identical claims, this Court will address them both in a single Memorandum and Order.

1

1  Presently before the Court are two Motions, filed by Michael
2  F. Burkart ("Appellee"), to Strike the Opening Briefs of New
3  Cingular Wireless Services, Inc. ("Appellant") for failure to
4  follow the rules set forth on Page Two of the Briefing Schedule
5  in Bankruptcy Appeal issued in these matters.[2]
6  While Appellant's Opening Briefs do lack an appendix and
7  violate various formatting and page length requirements, they
8  otherwise conform to the Local Rules of Practice for the United
9  States District Court, Eastern District of California and the
10 Federal Rules of Bankruptcy Procedure.  For the following
11 reasons, Appellee's Motions to Strike Appellant's Opening Briefs
12 will be denied.[3]

**BACKGROUND**

On October 18, 2007, New Cingular Wireless Services, Inc. appealed the bankruptcy court's order granting the Trustee's Motion for an Order Approving Compromise (No. 2:07-cv-02213-MCE, "Compromise Appeal").

///
///

---

[2] The only substantive difference between the two Motions is that in New Cingular Wireless Services, Inc. v. McCormick, et al., Case No. 2:07-cv-2213, Appellee also claims that Appellant's brief exceeded by several pages the 30-page limit prescribed by the Court's Briefing Schedule.  That difference is not material and does not affect the Court's analysis as set forth below, which is identical for both Motions.

[3] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

On November 14, 2007, New Cingular appealed the bankruptcy court's order denying a stay of a related adversary proceeding pending appeal of New Cingular's Motion to Compel Arbitration (No. 2:07-cv-02451-MCE, "Arbitration Appeal").  This Court has jurisdiction to hear New Cingular's appeals under 28 U.S.C. § 158(a).

On November 5, 2007 and November 21, 2007, the Clerk of the Court issued identical Briefing Schedules in Bankruptcy Appeal for the Compromise Appeal and Arbitration Appeal, respectively. The Briefing Schedule details the format requirements of appellate briefs in bankruptcy matters submitted to a United States District Court for the Eastern District of California. Page Two of the Briefing Schedule states that "[t]he contents of the brief must comply with Bankruptcy Appellate Panel Rules 4 and 5[4]; Federal Rules of Bankruptcy Procedure 8009 and 8010; and Federal Rules of Appellate Procedure 32(a)."

Appellant's Opening Briefs, filed on December 7, 2007, failed to comply with Federal Rule of Appellate Procedure 32(a)[5] as well as the guidelines contained in the Briefing Schedule for submitting excerpts from the record for the Court's consideration.

---

[4] As Appellant correctly points out, "Bankruptcy Appellate Panel Rules 4 and 5" do not exist.  Rules of the United States Bankruptcy Appellate Panels of the Ninth Circuit are numbered 8001(a)-1 to 9001-1.  This appears to be an error in the Briefing Schedule in Bankruptcy Appeal.

[5] Rule 32(a) sets forth specific formatting requirements for appellate briefs including the color, alignment, and content of the cover; binding; paper size; line spacing; margin size; font size (14 point); and font style (plain Roman).  Rule 32(a) also requires that parties include a certificate of compliance stating either the number of words in the brief, or the number of lines of monospaced type in the brief.

3

On December 21, 2007, without notifying Appellant of any shortcomings in its Opening Briefs, Appellee filed separate Motions to Strike.  That same day, Appellee submitted stipulations and proposed orders extending the time to file Appellee's Briefs on Appeal.

On January 9, 2008, Appellant filed appendices to the pertinent portions of the record it cited, along with Oppositions to the Motions to Strike and declarations in support of the Compromise Appeal and Arbitration Appeal.  Appellant's January 28, 2008 Reply on Appeal of Order Refusing Stay Pending Arbitration and Reply on Appeal of Order Approving Compromise, like the Opening Briefs, did not conform to all the guidelines set forth on page two of the bankruptcy court's Briefing Schedule.

**STANDARD**

Ninth Circuit Rule 28-1 provides that "[b]riefs not complying with the [Federal Rules of Appellate Procedure] and [the Ninth Circuit] rules may be stricken by the court."  9th Cir. R. 28-1(a).

**ANALYSIS**

As Appellee charges, Appellant "failed to submit excerpts of record . . . and . . . submitted a brief that violates the governing format requirements in multiple ways, including page limitations, font/type size, etc."

(Appellee's Mot. to Strike 2 (2:07-cv-02213-MCE).)  Contrary to Appellee's claim that Appellant "failed to provide appropriate evidentiary citations," however, Appellant's opening briefs do cite extensively to the record.  Id.  Although Appellant did not file appendices, Appellant cited directly to the hearing transcript, complaint, declarations, and other pertinent portions of the record.  Additionally, the appendices the Appellant later filed included appendix page numbers as well as hearing transcript page numbers.  Appellant's citation scheme is not confusing, and the references are not difficult to locate.  The briefs otherwise conform to the Local Rules and the Federal Rules of Bankruptcy Procedure.

   Appellant's failure to follow the Briefing Schedule guidelines did not prejudice Appellee.  Nowhere in Appellee's Motions to Strike Appellant's Opening Briefs or Appellee's Replies does Appellee claim he was prejudiced by Appellant's errors.  Appellee could not claim prejudice, since Appellant's briefs accurately cite directly to the hearing transcript and to other portions of the record.  Appellee's principal contention is that Ninth Circuit has granted motions to strike under circumstances where a party failed to follow the procedures relating to the form and content of an appellate brief.

///
///
///
///
///
///

5

Prior Ninth Circuit decisions do not, however, support granting a motion to strike under the circumstances presented by these cases. In N/S Corp. v. Liberty Mutual Insurance Co., 127 F.3d 1145, 1146-47 (9th Cir. 1999), the Ninth Circuit struck an opening brief that omitted the appellate standard of review, failed to cite correctly to the record, and exceeded the word limit for proportionally spaced briefs. The court noted it was typically "tolerant of minor breaches of one rule or another," but that the deficiencies in that particular brief were "legion." Id. at 1146. Unlike the appellant in N/S Corp., Appellant's counsel here did not utterly disregard the Local Rules; instead, he appears to have simply failed to read the second page of the Briefing Schedule in its entirety, since his briefs otherwise complied with the Local Rules and the Bankruptcy Rules. At most, Appellant in this matter committed one unintentional error, as opposed to the three the Ninth Circuit identified in N/S Corp.

Additionally, in Han v. Stanford University, 210 F.3d 1038 (9th Cir. 2000), the Ninth Circuit dismissed an appeal in which the appellant had "'exhibited complete disregard for the requirements' of the appellate rules respecting citations to the record," by failing to follow Federal Rule of Appellate Procedure 28(a)(7) and Ninth Circuit Rule 28-2.8. Id. at 1040 (quoting Mitchel v. Gen. Elec. Co., 689 F.2d 877, 879 (9th Cir. 1982)). Specifically, the appellant had failed to include a statement of facts with appropriate references to the record. Id. at 1039 n.3. The appellant had, moreover, "been put on notice that his brief was noncompliant." Id. at 1040. Nonetheless, he made no attempt to correct the deficiencies. Id.

1    Here, on the other hand, Appellant's counsel had not been
2 put on notice of his failure to conform to the guidelines.
3 Further, he corrected his errors by filing appendices just 19
4 days after Appellee filed the instant Motions to Strike.
5    Appellee could have simply contacted Appellant's counsel to
6 inform him that appendices were required and that Appellant
7 should file them.  In the December 11, 2007 email exchange
8 between counsel for both parties, Appellee did not mention
9 Appellant's failure to follow the Briefing Schedule guidelines,
10 including the filing of appendices.  (De Liberty Decl. in Opp'n
11 to Mot. to Strike Ex. A (2:07-cv-02213-MCE).)  Alternatively,
12 Appellee itself could have served and filed appendices containing
13 "material required to be included by the appellant but omitted by
14 appellant."  Fed. R. Bankr. P. 8009.
15    Significantly, Appellee himself has not strictly complied
16 with every formatting requirement as set forth in Federal Rule of
17 Appellate Procedure 32(a).  Appellee's brief covers are white;
18 they should be red.  Fed. R. App. P. 32(a)(2).  Appellee also
19 failed to include certificates of compliance specifying the
20 number of words or the number of lines of monospaced type in the
21 briefs.  Fed. R. App. P. 32(a)(7)(C)(i).  Appellee's own failure
22 to follow these guidelines to the letter renders his arguments in
23 favor of granting the Motions to Strike less persuasive.
24 ///
25 ///
26 ///
27 ///
28 ///

7

**CONCLUSION**

Appellant availed itself of this forum on appeal and should have taken greater care to follow this Court's explicit and unambiguous instructions. The Court expects all future appellate briefs to conform to the standards set forth on the second page of the Briefing Schedule. Nonetheless, in failing to adhere to the guidelines for appellate briefs, Appellant committed an error of form, not substance. Appellant corrected it 19 days after Appellee's Motion to Strike brought the error to Appellant's attention. Appellant properly cited to the record, but did so by following incorrect guidelines.

For the foregoing reasons, Appellee's Motion to Strike Appellant's Opening Brief is DENIED.

IT IS SO ORDERED.

Dated: March 27, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE