1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   IN RE WIRECOMM WIRELESS, INC.,      No. 2:07-cv-02451-MCE

12            Debtor,

13   NEW CINGULAR WIRELESS SERVICES,      <u>MEMORANDUM AND ORDER</u>
     INC.,

14
              Appellant,

15
         v.

16
     MICHAEL F. BURKART, as

17   Trustee,

18            Appellee.

19                          ----oo0oo----

20

21        In September 2005, New Cingular Wireless Services, Inc.

22   ("Appellant") and Wire Comm Wireless, Inc. ("Debtor") entered

23   arbitration over unpaid commissions and residuals.  Four days

24   before the scheduled arbitration hearing, Debtor filed for

25   Chapter 11 bankruptcy protection.  Thereafter, by initiating an

26   adversary proceeding against Appellant, the appointed bankruptcy

27   trustee, Michael F. Burkart ("Appellee") removed the claims from

28   arbitration to the bankruptcy court.

                                   1

1   The bankruptcy court denied Appellant's Motion to Compel

2   Arbitration.  Appellant appealed  that decision and moved the

3   bankruptcy court for an order staying the adversary proceeding

4   pending appeal.  The bankruptcy court also denied Appellant's

5   stay request.

6       Presently before the Court is Appellant's Motion to Stay

7   Pending Appeal of its Motion to Compel Arbitration.[1]  For the

8   reasons set forth below, the bankruptcy court's decision to deny

9   Appellant's Motion to Stay Pending Appeal is reversed.  The

10  adversary proceeding is consequently stayed pending resolution of

11  Appellant's request that arbitration be compelled.

12

13                          **BACKGROUND**[2]

14

15      Debtor was a dealer of Appellant's telecommunication

16  products.  In September 2005, Debtor commenced arbitration

17  proceedings against Appellant, seeking to recover some

18  $1,225,000.00 in unpaid commissions.  Appellant counterclaimed,

19  arguing that it was entitled to recover overpayment of

20  commissions and residuals dating back to 2004.

21  ///

22  ///

23

24      [1] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
25  Local Rule 78-230(h).

26      [2] Unless otherwise specified, all factual assertions in this
    section are based on allegations in Appellant's Memorandum in
27  Support of Motion to Stay Pending Appeal, and the Declaration of
    Richard A. De Liberty in Support of the Motion to Stay Pending
28  Appeal.

                                 2

1   Debtor's counsel filed no response to Appellant's
2   counterclaim, claiming he did not realize the arbitration rules
3   required him to do so.   Debtor subsequently retained new counsel
4   and moved for leave to file a reply.   The arbitrator denied that
5   motion and, on December 8, 2006, Debtor filed for bankruptcy.
6   The arbitration hearing, scheduled to begin on December 12, was
7   suspended because of the bankruptcy.   On February 6, 2007,
8   Appellant filed a proof of claim in the amount of $2,949,703.17.
9   As indicated above, Appellee's initiation of an adversary
10  proceeding against Appellant effectively removed the claims from
11  arbitration to the bankruptcy court.   On September 17, 2007,
12  Appellant moved to compel arbitration.   At the October 16, 2007
13  hearing, the bankruptcy court denied that motion, finding that it
14  had discretion to deny arbitration of the state law claims
15  because it had "core" jurisdiction over the adversary proceeding.
16  The court also stated it was not required to abstain in favor of
17  pending arbitration because in arbitration "the trier of fact has
18  to be hired by the parties," (De Liberty Decl. Ex. D, 31:19-20),
19  and the trustee's assets were "basically $13,000 plus a cause of
20  action" (De Liberty Decl. Ex. D 32:18-19).   According to the
21  bankruptcy court, it was "simply not persuaded that the Federal
22  Arbitration Act operates as an extra exception that, de facto,
23  trumps 28 U.S.C. § 1334 [which grants jurisdiction to bankruptcy
24  courts and district courts to hear bankruptcy cases]."   (De
25  Liberty Decl. Ex. D, 34:1-3.)
26  ///
27  ///
28  ///

1   "[T]o require arbitration of a proof of claim after it is filed

2   and the trustee's objection, the counterclaim to that proof of

3   claim, really runs completely counter to the whole structure and

4   purpose of the Bankruptcy Code."  (De Liberty Decl. Ex. D,

5   34:4-8.)

6       On December 11, 2007, Appellant filed a motion asking the

7   bankruptcy court to stay the adversary proceeding pending appeal.

8   The bankruptcy court heard and denied that motion on January 10,

9   2008.  The court concluded the appeal did not have enough merit

10  to justify a stay because the order denying arbitration was

11  interlocutory, and the district court had not yet granted leave

12  to appeal.  This Court has since granted leave to appeal the

13  bankruptcy court's decision denying Appellant's Motion to Compel

14  Arbitration under Federal Rule of Bankruptcy Procedure 8005.[3]

15

16                           **STANDARD**

17

18      Factors a court must consider when determining whether to

19  issue a stay pending appeal are "(1) whether the stay applicant

20  has made a strong showing that he is likely to succeed on the

21  merits; (2) whether the applicant will be irreparably injured

22  absent a stay;

23  ///

24

---

25      [3] "A motion for . . . other relief pending appeal must
    ordinarily be presented to the bankruptcy judge in the first
26  instance.  A motion for such relief, or for modification or
    termination of relief granted by a bankruptcy judge, may be made
27  to the district court . . . but the motion shall show why the
    relief, modification, or termination was not obtained from the
28  bankruptcy judge."

                                4

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Essentially, the party seeking the stay must demonstrate that the injury it would sustain if the stay did not issue outweighs the harm the stay would cause the party opposing the stay. Autoskill Inc. v. Nat'l Educ. Support Sys., Inc., 994 F.2d 1476, 1498 (10th Cir. 1993). Where the moving party has established irreparable harm to the movant, absence of harm to the opposing party, and lack of injury to the public interest, the "likelihood of success" requirement is relaxed somewhat. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980).

A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while conclusions of law are reviewed de novo. In re Jan Weilert RV, Inc., 315 F.3d 1192, 1196 (9th Cir. 2003). "When a bankruptcy court has ruled on the issue of a stay of its order pending appeal, the district court, sitting as an appellate court, reviews that decision for abuse of discretion." In re Irwin, 338 B.R. 839, 844 (Bankr. E.D. Cal. 2006) (quoting Universal Life Church v. United States, 191 B.R. 433, 444 (E.D. Cal. 1995)). Abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable." Id. (citing In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993)). "If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Id.

**ANALYSIS**

**1.   Presence of Substantial Question Justifying Stay**

The Ninth Circuit has never squarely addressed whether appealing the denial of a motion to compel arbitration requires a stay of core proceedings in a bankruptcy court.  In <u>Britton v. Co-op Banking Group</u>, 916 F.2d 1405, 1412 (9th Cir. 1991), the Ninth Circuit held that the appeal of the denial of a motion to compel arbitration does not divest a trial court from proceeding with the merits of the case.  In <u>Britton</u>, however, the Ninth Circuit found the defendant-appellant's motion to compel arbitration "frivolous," serving merely "to stall a trial."  <u>Id.</u> The defendant-appellant had moved to compel arbitration in an attempt to avoid producing documents during discovery.  <u>Id.</u> at 1407-09.  By the time the case reached the Ninth Circuit, the district judge had already entered a default judgment against the defendant-appellant.  <u>Id.</u> at 1409.  In permitting the district court to continue proceedings, the Ninth Circuit sought to prevent defendants from bringing frivolous motions to compel arbitration.  <u>Id.</u> at 1412.  The court noted, however, that the outcome would not be the same under different circumstances:

> The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration. <u>See</u>, <u>e.g.</u>, <u>Pearce v. E.F. Hutton Group, Inc.</u>, 828 F.2d 826, 829 (D.C. Cir. 1987) (district court, after denying appellant's motion to compel arbitration, granted its motion for stay pending appeal because appellant's claim raised issues of first impression appellant [sic] would suffer substantial harm if action were not stayed). . .

<u>Id.</u>

1    The facts of Appellant's case closely resemble those of the

2    <u>Pearce</u> case, which the Ninth Circuit recognized as presenting

3    circumstances justifying a stay pending appeal.  First, Appellant

4    would suffer "substantial harm" through potentially unnecessary

5    litigation in the adversary proceeding if this Court reverses the

6    bankruptcy court's decision to deny Appellant's Motion to Compel

7    Arbitration.  Second, Appellant raises an issue of first

8    impression:  whether a bankruptcy court must abstain from hearing

9    a core adversary proceeding between parties that had entered into

10   a pre-petition agreement to arbitrate.  Even the bankruptcy court

11   noted that Appellant's motion presented a substantial question as

12   to the competing objectives of the Federal Arbitration Act and

13   the Bankruptcy Code.  It acknowledged that the issue had not

14   "been definitively resolved in the Ninth Circuit"  (De Liberty

15   Decl. Ex. D, 11:4-5.), and stated it would "be interested in

16   seeing what the appellate courts eventually say on this question,

17   because the interplay of the Federal Arbitration Act and the

18   Bankruptcy Code is an important question."  (De Liberty Decl. Ex.

19   D, 37:18-21.).

20   Because the motion presented a substantial question, the

21   Federal Arbitration Act "allow[ed]" the bankruptcy court to "stay

22   the proceedings pending an appeal from its refusal to compel

23   arbitration."  <u>Britton</u>, 916 F.2d at 1412.  We now move to a

24   consideration of the four factors which must be addressed in

25   considering whether a stay is in fact warranted.  <u>Hilton v.</u>

26   <u>Braunskill</u>, 481 U.S. at 776.

27   ///

28   ///

1   **2.    Likelihood of Success**

2        In determining whether to grant a stay pending appeal, the

3   first step is to decide if the stay applicant has made a showing

4   of likely success on the merits.  It is thus necessary to

5   consider whether Appellant has demonstrated a likelihood of

6   prevailing on the request to compel arbitration that is the

7   subject of his appeal.

8        Under the Federal Arbitration Act (FAA), a party may

9   immediately appeal a court order denying a motion to compel

10  arbitration.  9 U.S.C. § 16(a)(1)(B).  The Act establishes a

11  "federal policy favoring arbitration agreements." <u>Moses H. Cone</u>

12  <u>Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983).  The

13  Act provides that written agreements to arbitrate "shall be

14  valid, irrevocable, and enforceable, save upon such grounds as

15  exist at law or in equity for the revocation of any contract."  9

16  U.S.C. § 2.  "Any doubts concerning the scope of arbitrable

17  issues should be resolved in favor of arbitration." <u>Moses</u>, 460

18  U.S. at 24-25.

19       A Chapter 11 bankruptcy filing imposes an automatic stay of

20  all litigation against the debtor.  11 U.S.C. § 362(a).  A

21  bankruptcy court "shall" lift the automatic stay "for cause."  §

22  362(d)(1).  "[A] desire to permit an action to proceed to

23  completion in another tribunal may provide . . . cause."  11

24  U.S.C. § 362 historical and statutory notes.

25       Core proceedings are those "arising under" Title 11 that

26  would not exist but for bankruptcy laws.  <u>In re Harris Pine</u>

27  <u>Mills</u>, 44 F.3d 1431, 1435-37 (9th Cir. 1995).

28  ///

Cases "related to" Title 11 are non-core proceedings that could exist independently of bankruptcy laws. Id. The bankruptcy judge determined that this case involves a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (C). (De Liberty Decl. Ex. D 33:17-18.)

Appellant argues, in its opening papers, that Ninth Circuit case law supports granting a motion to compel arbitration under these circumstances. As Appellant points out, a Ninth Circuit bankruptcy court and a Ninth Circuit Bankruptcy Appellate Panel ("BAP") have both held that in a core adversary proceeding, the contest between two parties to an arbitration agreement should continue in arbitration. In re Mor-Ben Insurance Markets Corp., 73 B.R. 644 (B.A.P. 9th Cir. 1987); In re Snake River Dairyman's Ass'n, Inc., No. 03-41124, 2004 WL 4960361 (Bankr. D. Idaho filed Mar. 1, 2004).

In Snake River, a dispute arose between two business cooperatives regarding a milk purchase agreement. 2004 WL 4960361, at *1. The eventual Creditor initiated an arbitration proceeding. Id. The parties engaged in some discovery and pre-arbitration hearings. Id. at *2. The debtor filed for Chapter 11 relief just two months before the date of the arbitration hearing. Id. The Ninth Circuit BAP recognized that in core proceedings, a court "must exercise discretion concerning the enforcement of an arbitration clause to decide if an underlying purpose of the Bankruptcy Code would be adversely affected by enforcing it." Id. at *4.

///

///

9

1  Before a bankruptcy court excuses parties from their agreement to
2  arbitrate, that court "must" find that the "potential adverse
3  impact on core proceedings – resulting in inefficient delay,
4  duplicate proceedings, or collateral estoppel effect - [is]
5  substantial enough to override the federal policy favoring
6  arbitration."  Id. (citing In re Phico Group, Inc., 304 B.R. 170,
7  174 (Bankr. M.D. Pa. 2003)).

8      The Snake River court found that the creditor's claims were
9  based solely on state law and could be resolved without resort to
10 interpreting the Bankruptcy Code or Rules.  After noting that the
11 parties had already made substantial progress towards preparing
12 for an arbitration hearing, and further noting that the debtor
13 had not established that arbitration would be any slower or more
14 inefficient, the bankruptcy court ordered the parties to continue
15 to resolve their dispute in arbitration.

16     In Mor-Ben, the Debtor and several companies based in Great
17 Britain had entered into an insurance agreement requiring that
18 any disputes arising out of the agreement be submitted to a court
19 of arbitration in London.  73 B.R. at 646.  After the eventual
20 debtor filed for bankruptcy, several creditors filed proofs of
21 claim.  Id.  The Bankruptcy Appellate Panel recognized that
22 filing a proof of claim does not necessarily subject a creditor
23 to a bankruptcy court's jurisdiction.  Id. at 647 (citing In re
24 Castlerock Props., 781 F.2d 159 (9th Cir. 1986)).  The court
25 further noted that a creditor may file a claim to secure a right
26 to partake in distribution of the debtor's estate without waiving
27 the right to arbitration.
28 ///

1  Id. (citing In re Hart Ski Mfg. Co., 18 B.R. 154 (Bankr. D. Minn.
2  1982), aff'd, 22 B.R. 763 (D. Minn. 1982), aff'd, 711 F.2d 845
3  (8th Cir. 1983)).  The court held that "[a]bsent a Congressional
4  mandate to preclude arbitration in the bankruptcy context, or a
5  compelling situation seriously affecting the rights of creditors
6  in a bankruptcy," the parties should be held to their agreement
7  to arbitrate.  Id. at 649.

8       Appellant also points to other circuits that have adopted a
9  rule of automatic divestiture where a party appeals a
10 non-frivolous court order denying a motion to compel arbitration.
11 See, e.g., Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215
12 n.6 (3d Cir. 2007) (adopting "the majority rule of automatic
13 divestiture where the Section 16(a) appeal is neither frivolous
14 nor forfeited"); McCauley v. Halliburton Energy Servs., Inc., 413
15 F.3d 1158, 1162-63 (10th Cir. 2005) (holding that "[i]f . . . the
16 appeal is not frivolous, [the court] will stay the litigation in
17 the district court pending the appeal of the denial of the motion
18 to compel arbitration"); Blinco v. Green Tree Servicing, LLC, 366
19 F.3d 1249, 1253 (11th Cir. 2004) (finding that "[w]hen a
20 non-frivolous appeal involves the denial of a motion to compel
21 arbitration, it makes little sense for the litigation to continue
22 in the district court while the appeal is pending").  None of
23 these cases, however, involve bankruptcy proceedings.

24      Given 1) the Ninth Circuit's requirement that courts should
25 grant a stay pending appeal where a motion to compel arbitration
26 raises a "substantial question"; 2) Ninth Circuit authority
27 favoring arbitration even as to bankruptcy core proceedings;
28 ///

11

1  and 3) the rule, adopted by most circuits, of automatic

2  divestiture where a party appeals a non-frivolous court order

3  denying a motion to compel arbitration, Appellant has

4  demonstrated a substantial likelihood of prevailing on its appeal

5  seeking an order to compel arbitration in this matter.

6

7  **3.   Irreparable Injury to Appellant**

8        Parties agree to arbitrate in order to avoid more formal,

9  and frequently far more expensive, proceedings in state or

10 federal court.  If parties are required to endure court

11 proceedings before arbitration, the potential savings from

12 arbitration are permanently lost.  "[D]enying the parties

13 arbitration deprives them of an inexpensive and expeditious means

14 of resolving disputes."  Int'l Ass'n of Machinists & Aerospace

15 Workers v. Aloha Airlines, 776 F.2d 812, 815 (9th Cir. 1985).

16      If Appellant is forced to proceed with the bankruptcy

17 adversary action while its appeal to compel arbitration is

18 pending, and the bankruptcy court's decision to deny Appellant's

19 Motion is reversed on appeal, Appellant would have wasted money

20 litigating the adversary action in the bankruptcy court.  Those

21 losses, under the circumstances, would constitute irreparable

22 injury.

23

24 **4.   Substantial Injury to Appellee**

25      In the Opposition to Motion to Stay Bankruptcy Court

26 Adversary Proceeding, Appellee does not argue that any

27 substantial injury would result if Appellant's Motion to Stay

28 Pending Appeal is granted.

12

This Court will likely resolve the appeal of the denial of the Motion to Compel Arbitration within the next few months.  Thus, granting the Motion to Stay Pending Appeal would cause no substantial injury to Appellee.

**5.   The Public Interest**

Granting the Motion to Stay Pending Appeal is in the public interest.  Staying a potentially unnecessary adversary action in a bankruptcy court conserves judicial resources.

**CONCLUSION**

The issue this case presents – whether appealing the denial of a motion to compel arbitration requires a stay of core proceedings in a bankruptcy court – is one of first impression in the Ninth Circuit.  Appellant's circumstances, however, are identical to those of a case which the Ninth Circuit determined "allow[s]" a court "to stay the proceedings pending an appeal" "if . . . the court finds that the motion [to compel arbitration] presents a substantial question."  <u>Britton</u>, 916 F.2d at 1412 (citing <u>Pearce v. E.F. Hutton Group, Inc.</u>, 828 F.2d 826, 829 (D.C. Cir. 1987)).  The bankruptcy court acknowledged the substantial question this case raises, noting that "the interplay of the Federal Arbitration Act and the Bankruptcy Code is an important question."  (De Liberty Decl. Ex. D. 37:18-21.)  The bankruptcy court's recognition of an "important question," while at the same time failing to stay the adversary proceeding before it, was misplaced.

1    Had it applied the test set forth in Hilton v. Braunskill,

2  481 U.S. 770, 776 (1987) to determine whether to issue a stay

3  pending appeal, the bankruptcy court would have found that the

4  circumstances definitively favor granting Appellant's Motion to

5  Stay Pending Appeal.  Given Appellant's strong showing that its

6  appeal seeking an order compelling arbitration has merit, the

7  irreparable injury to Appellant, the lack of any injury to the

8  Appellee, and the public interest favoring a stay, the bankruptcy

9  court's denial of Appellant's Motion to Stay Pending Appeal was

10 "unreasonable," thereby constituting an abuse of discretion.  In

11 re Irwin, 338 B.R. 839, 844 (Bankr. E.D. Cal. 2006) (citing In re

12 Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993)).  This Court

13 therefore reverses that decision and grants Appellant's Motion.

14    Accordingly, the bankruptcy court adversary proceeding is

15 stayed pending this Court's resolution of Appellant's request

16 that arbitration be compelled.

17

18

19    IT IS SO ORDERED.

20
   Dated: August 1, 2008

21

22

23                                    MORRISON C. ENGLAND, JR.
                                     UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                                  14