UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| IN RE WIRECOMM WIRELESS, INC.,<br><br>       Debtor,<br><br>NEW CINGULAR WIRELESS SERVICES, INC.,<br><br>       Appellant,<br><br>  v.<br><br>MICHAEL F. BURKART, as Trustee,<br><br>       Appellee. | No. 2:07-cv-02451-MCE<br><br>MEMORANDUM AND ORDER |

In September 2005, New Cingular Wireless Services, Inc. ("Appellant") and Wire Comm Wireless, Inc. ("Debtor") entered arbitration over unpaid commissions and residuals. Four days before the scheduled arbitration hearing, Debtor filed for Chapter 11 bankruptcy protection. Thereafter, by initiating an adversary proceeding against Appellant, the appointed bankruptcy trustee, Michael F. Burkart ("Appellee") removed the claims from arbitration to the bankruptcy court.

1

The bankruptcy court denied Appellant's Motion to Compel Arbitration.  Appellant appealed  that decision and moved the bankruptcy court for an order staying the adversary proceeding pending appeal.  The bankruptcy court also denied Appellant's stay request.

Presently before the Court is Appellant's Motion to Stay Pending Appeal of its Motion to Compel Arbitration.[1]  For the reasons set forth below, the bankruptcy court's decision to deny Appellant's Motion to Stay Pending Appeal is reversed.  The adversary proceeding is consequently stayed pending resolution of Appellant's request that arbitration be compelled.

## BACKGROUND[2]

Debtor was a dealer of Appellant's telecommunication products.  In September 2005, Debtor commenced arbitration proceedings against Appellant, seeking to recover some $1,225,000.00 in unpaid commissions.  Appellant counterclaimed, arguing that it was entitled to recover overpayment of commissions and residuals dating back to 2004.

///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[2] Unless otherwise specified, all factual assertions in this section are based on allegations in Appellant's Memorandum in Support of Motion to Stay Pending Appeal, and the Declaration of Richard A. De Liberty in Support of the Motion to Stay Pending Appeal.

2

1  Debtor's counsel filed no response to Appellant's
2 counterclaim, claiming he did not realize the arbitration rules
3 required him to do so.  Debtor subsequently retained new counsel
4 and moved for leave to file a reply.  The arbitrator denied that
5 motion and, on December 8, 2006, Debtor filed for bankruptcy.
6 The arbitration hearing, scheduled to begin on December 12, was
7 suspended because of the bankruptcy.  On February 6, 2007,
8 Appellant filed a proof of claim in the amount of $2,949,703.17.
9  As indicated above, Appellee's initiation of an adversary
10 proceeding against Appellant effectively removed the claims from
11 arbitration to the bankruptcy court.  On September 17, 2007,
12 Appellant moved to compel arbitration.  At the October 16, 2007
13 hearing, the bankruptcy court denied that motion, finding that it
14 had discretion to deny arbitration of the state law claims
15 because it had "core" jurisdiction over the adversary proceeding.
16 The court also stated it was not required to abstain in favor of
17 pending arbitration because in arbitration "the trier of fact has
18 to be hired by the parties," (De Liberty Decl. Ex. D, 31:19-20),
19 and the trustee's assets were "basically $13,000 plus a cause of
20 action" (De Liberty Decl. Ex. D 32:18-19).  According to the
21 bankruptcy court, it was "simply not persuaded that the Federal
22 Arbitration Act operates as an extra exception that, de facto,
23 trumps 28 U.S.C. § 1334 [which grants jurisdiction to bankruptcy
24 courts and district courts to hear bankruptcy cases]."  (De
25 Liberty Decl. Ex. D, 34:1-3.)
26 ///
27 ///
28 ///

"[T]o require arbitration of a proof of claim after it is filed and the trustee's objection, the counterclaim to that proof of claim, really runs completely counter to the whole structure and purpose of the Bankruptcy Code." (De Liberty Decl. Ex. D, 34:4-8.)

On December 11, 2007, Appellant filed a motion asking the bankruptcy court to stay the adversary proceeding pending appeal. The bankruptcy court heard and denied that motion on January 10, 2008. The court concluded the appeal did not have enough merit to justify a stay because the order denying arbitration was interlocutory, and the district court had not yet granted leave to appeal. This Court has since granted leave to appeal the bankruptcy court's decision denying Appellant's Motion to Compel Arbitration under Federal Rule of Bankruptcy Procedure 8005.[3]

**STANDARD**

Factors a court must consider when determining whether to issue a stay pending appeal are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (

///

---

[3] "A motion for . . . other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court . . . but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge."

4

3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Essentially, the party seeking the stay must demonstrate that the injury it would sustain if the stay did not issue outweighs the harm the stay would cause the party opposing the stay. Autoskill Inc. v. Nat'l Educ. Support Sys., Inc., 994 F.2d 1476, 1498 (10th Cir. 1993). Where the moving party has established irreparable harm to the movant, absence of harm to the opposing party, and lack of injury to the public interest, the "likelihood of success" requirement is relaxed somewhat. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980).

A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while conclusions of law are reviewed de novo. In re Jan Weilert RV, Inc., 315 F.3d 1192, 1196 (9th Cir. 2003). "When a bankruptcy court has ruled on the issue of a stay of its order pending appeal, the district court, sitting as an appellate court, reviews that decision for abuse of discretion." In re Irwin, 338 B.R. 839, 844 (Bankr. E.D. Cal. 2006) (quoting Universal Life Church v. United States, 191 B.R. 433, 444 (E.D. Cal. 1995)). Abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable." Id. (citing In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993)). "If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Id.

**ANALYSIS**

**1.   Presence of Substantial Question Justifying Stay**

The Ninth Circuit has never squarely addressed whether appealing the denial of a motion to compel arbitration requires a stay of core proceedings in a bankruptcy court.  In Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1991), the Ninth Circuit held that the appeal of the denial of a motion to compel arbitration does not divest a trial court from proceeding with the merits of the case.  In Britton, however, the Ninth Circuit found the defendant-appellant's motion to compel arbitration "frivolous," serving merely "to stall a trial."  Id. The defendant-appellant had moved to compel arbitration in an attempt to avoid producing documents during discovery.  Id. at 1407-09.  By the time the case reached the Ninth Circuit, the district judge had already entered a default judgment against the defendant-appellant.  Id. at 1409.  In permitting the district court to continue proceedings, the Ninth Circuit sought to prevent defendants from bringing frivolous motions to compel arbitration.  Id. at 1412.  The court noted, however, that the outcome would not be the same under different circumstances:

> The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration. See, e.g., Pearce v. E.F. Hutton Group, Inc., 828 F.2d 826, 829 (D.C. Cir. 1987) (district court, after denying appellant's motion to compel arbitration, granted its motion for stay pending appeal because appellant's claim raised issues of first impression appellant [sic] would suffer substantial harm if action were not stayed). . .

Id.

The facts of Appellant's case closely resemble those of the Pearce case, which the Ninth Circuit recognized as presenting circumstances justifying a stay pending appeal. First, Appellant would suffer "substantial harm" through potentially unnecessary litigation in the adversary proceeding if this Court reverses the bankruptcy court's decision to deny Appellant's Motion to Compel Arbitration. Second, Appellant raises an issue of first impression: whether a bankruptcy court must abstain from hearing a core adversary proceeding between parties that had entered into a pre-petition agreement to arbitrate. Even the bankruptcy court noted that Appellant's motion presented a substantial question as to the competing objectives of the Federal Arbitration Act and the Bankruptcy Code. It acknowledged that the issue had not "been definitively resolved in the Ninth Circuit" (De Liberty Decl. Ex. D, 11:4-5.), and stated it would "be interested in seeing what the appellate courts eventually say on this question, because the interplay of the Federal Arbitration Act and the Bankruptcy Code is an important question." (De Liberty Decl. Ex. D, 37:18-21.).

Because the motion presented a substantial question, the Federal Arbitration Act "allow[ed]" the bankruptcy court to "stay the proceedings pending an appeal from its refusal to compel arbitration." Britton, 916 F.2d at 1412. We now move to a consideration of the four factors which must be addressed in considering whether a stay is in fact warranted. Hilton v. Braunskill, 481 U.S. at 776.

///
///

7

**2.  Likelihood of Success**

In determining whether to grant a stay pending appeal, the first step is to decide if the stay applicant has made a showing of likely success on the merits. It is thus necessary to consider whether Appellant has demonstrated a likelihood of prevailing on the request to compel arbitration that is the subject of his appeal.

Under the Federal Arbitration Act (FAA), a party may immediately appeal a court order denying a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(B). The Act establishes a "federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). The Act provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses, 460 U.S. at 24-25.

A Chapter 11 bankruptcy filing imposes an automatic stay of all litigation against the debtor. 11 U.S.C. § 362(a). A bankruptcy court "shall" lift the automatic stay "for cause." § 362(d)(1). "[A] desire to permit an action to proceed to completion in another tribunal may provide . . . cause." 11 U.S.C. § 362 historical and statutory notes.

Core proceedings are those "arising under" Title 11 that would not exist but for bankruptcy laws. In re Harris Pine Mills, 44 F.3d 1431, 1435-37 (9th Cir. 1995).

///

Cases "related to" Title 11 are non-core proceedings that could exist independently of bankruptcy laws. Id. The bankruptcy judge determined that this case involves a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (C). (De Liberty Decl. Ex. D 33:17-18.)

Appellant argues, in its opening papers, that Ninth Circuit case law supports granting a motion to compel arbitration under these circumstances. As Appellant points out, a Ninth Circuit bankruptcy court and a Ninth Circuit Bankruptcy Appellate Panel ("BAP") have both held that in a core adversary proceeding, the contest between two parties to an arbitration agreement should continue in arbitration. In re Mor-Ben Insurance Markets Corp., 73 B.R. 644 (B.A.P. 9th Cir. 1987); In re Snake River Dairyman's Ass'n, Inc., No. 03-41124, 2004 WL 4960361 (Bankr. D. Idaho filed Mar. 1, 2004).

In Snake River, a dispute arose between two business cooperatives regarding a milk purchase agreement. 2004 WL 4960361, at *1. The eventual Creditor initiated an arbitration proceeding. Id. The parties engaged in some discovery and pre-arbitration hearings. Id. at *2. The debtor filed for Chapter 11 relief just two months before the date of the arbitration hearing. Id. The Ninth Circuit BAP recognized that in core proceedings, a court "must exercise discretion concerning the enforcement of an arbitration clause to decide if an underlying purpose of the Bankruptcy Code would be adversely affected by enforcing it." Id. at *4.

///
///

9

Before a bankruptcy court excuses parties from their agreement to arbitrate, that court "must" find that the "potential adverse impact on core proceedings – resulting in inefficient delay, duplicate proceedings, or collateral estoppel effect - [is] substantial enough to override the federal policy favoring arbitration." Id. (citing In re Phico Group, Inc., 304 B.R. 170, 174 (Bankr. M.D. Pa. 2003)).

The Snake River court found that the creditor's claims were based solely on state law and could be resolved without resort to interpreting the Bankruptcy Code or Rules. After noting that the parties had already made substantial progress towards preparing for an arbitration hearing, and further noting that the debtor had not established that arbitration would be any slower or more inefficient, the bankruptcy court ordered the parties to continue to resolve their dispute in arbitration.

In Mor-Ben, the Debtor and several companies based in Great Britain had entered into an insurance agreement requiring that any disputes arising out of the agreement be submitted to a court of arbitration in London. 73 B.R. at 646. After the eventual debtor filed for bankruptcy, several creditors filed proofs of claim. Id. The Bankruptcy Appellate Panel recognized that filing a proof of claim does not necessarily subject a creditor to a bankruptcy court's jurisdiction. Id. at 647 (citing In re Castlerock Props., 781 F.2d 159 (9th Cir. 1986)). The court further noted that a creditor may file a claim to secure a right to partake in distribution of the debtor's estate without waiving the right to arbitration. Id.
///

(citing In re Hart Ski Mfg. Co., 18 B.R. 154 (Bankr. D. Minn. 1982), aff'd, 22 B.R. 763 (D. Minn. 1982), aff'd, 711 F.2d 845 (8th Cir. 1983)). The court held that "[a]bsent a Congressional mandate to preclude arbitration in the bankruptcy context, or a compelling situation seriously affecting the rights of creditors in a bankruptcy," the parties should be held to their agreement to arbitrate. Id. at 649.

Appellant also points to other circuits that have adopted a rule of automatic divestiture where a party appeals a non-frivolous court order denying a motion to compel arbitration. See, e.g., Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007) (adopting "the majority rule of automatic divestiture where the Section 16(a) appeal is neither frivolous nor forfeited"); McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1162-63 (10th Cir. 2005) (holding that "[i]f . . . the appeal is not frivolous, [the court] will stay the litigation in the district court pending the appeal of the denial of the motion to compel arbitration"); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1253 (11th Cir. 2004) (finding that "[w]hen a non-frivolous appeal involves the denial of a motion to compel arbitration, it makes little sense for the litigation to continue in the district court while the appeal is pending"). None of these cases, however, involve bankruptcy proceedings.

Given 1) the Ninth Circuit's requirement that courts should grant a stay pending appeal where a motion to compel arbitration raises a "substantial question"; 2) Ninth Circuit authority favoring arbitration even as to bankruptcy core proceedings;
///

11

and 3) the rule, adopted by most circuits, of automatic divestiture where a party appeals a non-frivolous court order denying a motion to compel arbitration, Appellant has demonstrated a substantial likelihood of prevailing on its appeal seeking an order to compel arbitration in this matter.

**3.    Irreparable Injury to Appellant**

Parties agree to arbitrate in order to avoid more formal, and frequently far more expensive, proceedings in state or federal court.  If parties are required to endure court proceedings before arbitration, the potential savings from arbitration are permanently lost.  "[D]enying the parties arbitration deprives them of an inexpensive and expeditious means of resolving disputes." Int'l Ass'n of Machinists & Aerospace Workers v. Aloha Airlines, 776 F.2d 812, 815 (9th Cir. 1985).

If Appellant is forced to proceed with the bankruptcy adversary action while its appeal to compel arbitration is pending, and the bankruptcy court's decision to deny Appellant's Motion is reversed on appeal, Appellant would have wasted money litigating the adversary action in the bankruptcy court.  Those losses, under the circumstances, would constitute irreparable injury.

**4.    Substantial Injury to Appellee**

In the Opposition to Motion to Stay Bankruptcy Court Adversary Proceeding, Appellee does not argue that any substantial injury would result if Appellant's Motion to Stay Pending Appeal is granted.

12

1  This Court will likely resolve the appeal of the denial of the
2  Motion to Compel Arbitration within the next few months.  Thus,
3  granting the Motion to Stay Pending Appeal would cause no
4  substantial injury to Appellee.

**5.   The Public Interest**

Granting the Motion to Stay Pending Appeal is in the public interest.  Staying a potentially unnecessary adversary action in a bankruptcy court conserves judicial resources.

**CONCLUSION**

The issue this case presents – whether appealing the denial of a motion to compel arbitration requires a stay of core proceedings in a bankruptcy court – is one of first impression in the Ninth Circuit. Appellant's circumstances, however, are identical to those of a case which the Ninth Circuit determined "allow[s]" a court "to stay the proceedings pending an appeal" "if . . . the court finds that the motion [to compel arbitration] presents a substantial question." Britton, 916 F.2d at 1412 (citing Pearce v. E.F. Hutton Group, Inc., 828 F.2d 826, 829 (D.C. Cir. 1987)).  The bankruptcy court acknowledged the substantial question this case raises, noting that "the interplay of the Federal Arbitration Act and the Bankruptcy Code is an important question."  (De Liberty Decl. Ex. D. 37:18-21.)  The bankruptcy court's recognition of an "important question," while at the same time failing to stay the adversary proceeding before it, was misplaced.

13

Had it applied the test set forth in Hilton v. Braunskill, 481 U.S. 770, 776 (1987) to determine whether to issue a stay pending appeal, the bankruptcy court would have found that the circumstances definitively favor granting Appellant's Motion to Stay Pending Appeal.  Given Appellant's strong showing that its appeal seeking an order compelling arbitration has merit, the irreparable injury to Appellant, the lack of any injury to the Appellee, and the public interest favoring a stay, the bankruptcy court's denial of Appellant's Motion to Stay Pending Appeal was "unreasonable," thereby constituting an abuse of discretion.  In re Irwin, 338 B.R. 839, 844 (Bankr. E.D. Cal. 2006) (citing In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993)).  This Court therefore reverses that decision and grants Appellant's Motion.

Accordingly, the bankruptcy court adversary proceeding is stayed pending this Court's resolution of Appellant's request that arbitration be compelled.

IT IS SO ORDERED.

Dated: August 1, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE